UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2266-D

| | | |
|---|---|---|
| AGNES M. CHEVALIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | INITIAL ANSWER TO PETITION FOR |
| v. | ) | WRIT OF HABEAS CORPUS |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | 28 U.S.C. § 2244(d)(1) |
| Respondent. | ) | |

NOW COMES Respondent, FRANK L. PERRY by and through his attorney, ROY COOPER, Attorney General of the State of North Carolina, through Assistant Attorney General, PETER A. REGULSKI, and pursuant to Rule 5(b) of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"), sets forth his initial answer as follows:

1. For the reasons and authorities set forth in detail in the Memorandum of Law in Support of the Motion to Dismiss for Failure to File Within the Applicable Limitations Period ("Supporting Memorandum") filed contemporaneously herewith, this Court should adjudicate and summarily dismiss Petitioner's federal habeas petition on statute of limitation grounds. See 28 U.S.C. § 2244(d)(1). Respondent moves this Court to first adjudicate the statute of limitation issue – and end this litigation – before requiring a full answer and response to the merits. As explained in the Supporting Memorandum, Petitioner's federal habeas petition is well out-of-time. Requiring a full answer and response on the merits to a petition so clearly

out-of-time would circumvent the purposes of section 2244(d)(1) and deprive Respondent of its benefits.

2. The Fourth Circuit and other North Carolina District Courts have recognized a district court may properly adjudicate and grant a respondent's motion to dismiss a federal habeas petition on statute of limitation grounds, before requiring a full answer on the merits. See Rouse v. Lee, 339 F.3d 238, 253 n.17 (4th Cir. 2003) (en banc) (district court may rule on state's motion to dismiss on statute of limitation grounds before receiving an answer from the state on the merits), cert. denied, 541 U.S. 905 (2004). The applicable rules permit such action. See Habeas Rule 4 ("If the petition is not [summarily] dismissed, the judge must order the respondent to file an answer, motion or other response. . . ."); Advisory Committee Notes to Rule 4 (2004 Amendments) (observing that this rule "reflects that the response to a habeas petition may be a motion"); Habeas Rule 5, Advisory Committee Notes (2004 Amendments) (noting that "Rule 4 permits th[e] practice" of a "respondent fil[ing] a pre-answer motion to dismiss the petition."). This approach makes sense because "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." Rule 4, Advisory Committee Notes (1976 Adoption). See also, Chapman v. Herron, 2012 U.S. Dist. Lexis 107860 (M.D.N.C. August 2, 2012) (order of M.J. Auld) (Respondent may properly file

motion to dismiss on statute of limitation grounds and seek adjudication of that issue first, before filing answer and briefing on merits), <u>recommendation</u>, 2013 U.S. Dist. Lexis 79819 (M.D.N.C. June 5, 2013), <u>adopted</u>, 2013 U.S. Dist. Lexis 128048 (M.D.N.C. September 9, 2013) (J. Osteen).

3. If, after adjudicating the above statute of limitation defense, this Court deems full briefing on the merits necessary, Respondent will naturally do so. As an initial answer, however, Respondent denies that Petitioner is entitled to federal habeas relief for the reasons and authorities set forth above and in the Supporting Memorandum. By filing the instant Initial Answer and Motion to Dismiss for Failure to File Within the Applicable Limitations Period, Respondent does not waive any applicable defenses, whether substantive or procedural, to any of Petitioner's claims.

Respectfully submitted this 23rd day of September, 2014.

                                      ROY COOPER
                                      Attorney General

/s/ Peter A. Regulski
Peter A. Regulski
Assistant Attorney General
Attorney for Respondent
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602-0629
Tel.  (919) 716-6500
Fax:  (919) 716-6761
E-mail:    pregulski@ncdoj.gov
State Bar No. 35006

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 23 September 2014, I electronically filed the foregoing INITIAL ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS with the Clerk of Court using the CM/ECF system and on said date I dispatched by first class mail, postage prepaid, said filing to the following non-CM/ECF participant:

    Agnes M. Chevallier
    (DOC No. 0075018)
    Southern Correctional Institution
    272 Glen Road
    Troy, North Carolina 27371

    /s/ Peter A. Regulski
    Peter A. Regulski
    Assistant Attorney General
    Attorney for Defendants
    N.C. Department of Justice
    P.O. Box 629
    Raleigh, North Carolina 27602-0629
    Tel.   (919) 716-6500
    Fax:  (919) 716-6761
    E-mail:   pregulski@ncdoj.gov
    State Bar No. 35006