UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2266-D

| | | |
|---|---|---|
| AGNES M. CHEVALIER, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF THE |
| Petitioner, | ) | MOTION TO DISMISS FOR FAILURE |
| | ) | TO FILE WITHIN THE APPLICABLE |
| v. | ) | LIMITATIONS PERIOD |
| | ) | |
| FRANK L. PERRY, | ) | 28 U.S.C. § 2244(d)(1); |
| | ) | Local Rule 7.2 |
| Respondent. | ) | |

Respondent, Frank L. Perry, has moved pursuant to 28 U.S.C. § 2244(d)(1), to dismiss the instant Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition" or "PWHC" as context requires) (DOCKET ENTRY ("D. E.") 1) for Petitioner's failure to file it within the applicable limitations period. This memorandum supports the motion.

STATEMENT OF THE CASE

On 20 December 2013 Petitioner, an inmate in the custody of the North Carolina Department of Public Safety, Division of Adult Correction and Juvenile Justice, filed the instant PWHC pursuant 28 U.S.C. § 2254 and made claim for the ostensible violation of her Sixth Amendment and Fourteenth Amendment Due Process rights. Pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"), the court conducted initial review of the Petition, and on 26 August 2014 the Court allowed this matter to proceed –

directing the clerk to maintain its management. (D.E. 5) On 27 August 2014 the Clerk forward this matter to the Office of the North Carolina Attorney General for response within 40 days. (D.E. 7)

STATEMENT OF THE FACTS

On 5 August 2005 Petitioner was charged by indictment with second degree murder in violation of N.C.G.S. § 14-17(b), (Ex. A, Indictment, State v. Chevalier, No. 05 CRS 52480) On 15 August 2005 Petitioner was charged by ancillary indictment with having attained habitual felon status. (Ex. B, Ancillary Indictment, State v. Chevalier, No. 05 CRS 52480) The state trial court appointed Mario White to represent Petitioner. (D.E. 1 at 6)

In a wholly unrelated case, the Petitioner was tried during the 2 January 2006 criminal session of the Sampson County Superior Court before the Honorable Thomas D. Haigwood and a jury in State v. Chevalier, No. 05 CRS 051367. (Ex. C, State v. Chevalier, 2007 N.C. App. LEXIS 31 (N.C. Ct. App. Jan. 2, 2007) (unpublished)) Petitioner was represented by Melissa Halo. (D.E. 1 at 2, 6) On 5 January 2006 the jury found Petitioner guilty of one count of felonious breaking or entering and one count of felonious larceny; and acquitted her of one count of felonious possession of goods stolen pursuant to breaking or entering. (Ex. C, Chevalier, 2007 N.C. App. LEXIS 31 at *2-*3) On 5 January 2006 Petitioner plead guilty to having attained habitual felon status. (Id. at *3) The court sentenced Petitioner as a Class

C felon prior record level IV to a presumptive term of 92 to 120 months. (Ex. D, Judgment and Commitment Active Punishment Felony, State v. Chevalier, No. 05 CRS 51367) Petitioner gave notice of appeal, and was represented on appeal by John T. Hall. (Ex. C, Chevalier, 2007 N.C. App. LEXIS 31 at *1) The North Carolina Court of Appeals ("NCCOA") found no error and affirmed the judgment. (Id. at *6, *7)

In another wholly unrelated case, on 9 January 2006 Petitioner plead guilty to the following misdemeanor charges in State v. Chevalier, Nos. 05 CR 051173, -174: communicating threats, disorderly conduct, resisting an officer and second degree trespass. (Ex. E, North Carolina Department of Public Safety, Offender Public Information, Agnes M. Chevalier, DOC No. 0075018, at 3, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0075018&searchOffenderId=0075018&listurl=pagelistoffendersearchresults&listpage=1ions (as visited on 17 September 2014)) The sentences on all of these charges were consolidated for judgment and the court sentenced Petitioner to four months incarceration to run concurrently with the sentence in No. 05 CRS 51367. (Id.)

In the second degree murder case before this court, the state agreed to reduce the charge of second degree murder to involuntary manslaughter and to dismiss the habitual felon indictment in exchange for Petitioner's guilty plea. On 31 January 2006 Petitioner plead guilty before the Honorable D. Jack Hooks to

involuntary manslaughter. (Ex. F, Transcript of Plea, State v. Chevalier, No. 05 CRS 52480.) Judge Hooks personally addressed the Petitioner in open court asking her a series of questions designed to ascertain whether there was a factual basis for Petitioner's plea; whether Petitioner was satisfied with counsel's legal advice and services; whether Petitioner was competent to stand trial; and whether the plea was Petitioner's informed choice, made freely, voluntarily and understandingly. (Id. at 1-2, ¶¶ 5, 6, 11, 12, 13, 14 & 19) Judge Hooks described the charges, the maximum and mandatory minimum punishments and the possibility of consecutive sentences. (Id. ¶ 11; see also N.C.G.S. § 15A-1022(a)(1)(6) (when accepting a guilty plea trial judge must inform defendant "of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge.") Petitioner acknowledged in writing and under oath that she had been asked the questions in open court, that her responses were accurately transcribed in the Transcript of Plea, and that the terms and conditions of the plea as stated in Transcript of Plea were accurate. (Id. at 2) Petitioner's counsel Mario White certified that he "fully explained to [Petitioner] the nature and elements of the charge to which [she plead]." (Id.) Both the Assistant District Attorney and Petitioner's counsel certified that terms and conditions set forth in the transcript truly and accurately reflected the plea agreement. (Id.) Judge Hooks found that

there was a factual basis for Petitioner's plea; Petitioner was satisfied with counsel's legal advice and services; Petitioner was competent to stand trial; and the plea was Petitioner's informed choice, made freely, voluntarily and understandingly. (Id.) Judge Hooks sentenced Petitioner in accordance with the plea agreement to an active term of imprisonment with a minimum term of 20 months and a maximum term of 24 months, and credited her for 208 days of pre-trial incarceration. (Ex. G, Judgment and Commitment Active Punishment Felony, State v. Chevalier, No. 05 CRS 52480) Judge Hooks assessed $29,379.00 in restitution and $1,170.00 in attorney's fees. (Id. at 2) Judge Hooks ordered that the sentence be served consecutively, i.e., that it "run at expiration of the sentence she is now serving." (Id.)

Petitioner did not give an oral notice of appeal in open court in accordance to N.C. R. APP. P. 4(a)(1). Petitioner did not file a written notice of appeal with the Clerk of Court within 14 days of her sentencing in accordance with N.C. R. APP. P. 4(a)(2) (Ex. G at 2; D.E. 1 at 2) Petitioner did not file a Motion for Appropriate Relief. (D.E. 1 at 3)

As noted above, on 20 December 2013 – 7 years, 11 months and 349 days after her sentencing – Petitioner filed the instant PWHC with this Court. (D.E. 1) In it Petitioner acknowledges she had several criminal cases all pending at the same time in Sampson County. (Id. at 2, 5, 7) Petitioner acknowledges Melissa Halo

represented her in No. 05 CRS 051367, the felonious breaking or entering case, and claims Ms. Halo had promised to perfect an appeal. (Id. at 6) The record makes manifest that Ms. Halo did as she promised, and the NCCOA reviewed and ruled on her appeal. (Ex. C) Petitioner also acknowledges that Mario White represented her in No. 05 CRS 052480, the involuntary manslaughter case. (D.E. 1 at 6) Petitioner alleges she was innocent of involuntary manslaughter, but plead guilty on her belief that the sentence in the voluntary manslaughter case would run concurrent with, not consecutive to, the sentences she was already serving. (Id. at 5)

ARGUMENT

The Instant PWHC is Time Barred Pursuant to 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) specifies the circumstances under which the limitations period may be tolled.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

-6-

Case 5:13-hc-02266-D   Document 10   Filed 09/23/14   Page 6 of 13

28 U.S.C. § 2244(d)(2).

Petitioner's representations in her petition and the documents attached hereto establish Petitioner plead guilty on 31 January 2006 and since that time has filed neither a direct appeal nor a MAR. Because Petitioner did not appeal the judgment or sentence of 31 January 2006 rendered on her guilty plea, that conviction became final for limitation purposes on 14 February 2006. See N.C. RULE APP. P. 4(a)(1) & (2) (2006) (criminal defendant may perfect an appeal orally in open court at sentencing or in writing within 14 days of judgment); see also, Gonzalez v. Thaler, ___ U.S. ___, ___, 132 S. Ct. 641, 656, 181 L. E. 2d 619, 639 (2012) (holding that when a state prisoner does not seek review in a state's highest court, the judgment becomes "final" for habeas corpus limitation purposes on the date that the time for seeking such review expires). As a consequence, Petitioner was obliged to file her PWHC with this Court on or before 14 February 2007. Its filing some 6 years, 10 months and 6 days later is fatal to Petitioner's claims.

Petitioner cannot credibly claim that the limitations period ought to be enlarged until she discovered the factual predicates for the same through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). If Petitioner contends the parties agreed that her involuntary manslaughter sentence should have run concurrent to the sentences she was already serving, that fact would have been documented in the transcript of plea. Because the transcript of plea was silent,

-7-

Case 5:13-hc-02266-D   Document 10   Filed 09/23/14   Page 7 of 13

Judge Hooks had the authority to order that the involuntary manslaughter sentence run consecutive to the sentences Petitioner was already serving. See N.C.G.S. § 15A-1354(a) (2006) ("when a term of imprisonment is imposed on a person who is already subject to an undischarged term of imprisonment . . . the sentences may run either concurrently or consecutively, as determined by the court"); see also State v. Ysaguire, 309 N.C. 780, 785, 309 S.E.2d 436, 440 (1983) (by leaving § 15A-1354(a) intact after rewriting North Carolina's sentencing laws to promote uniformity the General Assembly intended that "the sentencing judge retain the discretion to impose sentences consecutively or concurrently"). Petitioner's claim that she was misinformed about whether her involuntary manslaughter sentence would run consecutive to the sentences she was already serving is simply not credible. The record makes manifest the parties agreed that Petitioner's sentence would run consecutive to the sentences Petitioner was already serving. The state reduced the charges and dismissed the ancillary habitual felon indictment. Judge Hooks was obliged to explain to Petitioner the potential minimum and maximum sentences to which she was subject and the possibility of consecutive sentences. (Id. ¶11; see also N.C.G.S. § 15A-1022(a)(1)(6)) Additionally, if Judge Hooks had "determine[d] to impose a sentence other than provided for in a plea arrangement between the parties," he was obliged to tell Petitioner, allow her to withdraw her plea and continue the matter until the next session of court. See N.C.G.S. § 15A-

-8-

1024. Neither Petitioner nor her attorney objected to the sentence, or to Judge Hooks' order that it run consecutive to the sentences Petitioner was already serving. Had the plea disposition not been anticipated as Petitioner now suggests, she would not have proceeded with the plea. To the contrary, Petitioner clearly understood at the time her involuntary manslaughter sentence would run consecutive to the sentences she was already serving.

Similarly, Petitioner sets forth no circumstances suggesting that the state created any impediments to her timely filing her PWHC, such that she cannot credibly claim she is entitled to an enlarged limitations period. See 28 U.S.C. § 2244(d)(1)(B). To the contrary, all the facts and circumstances necessary to set forth her claims were plainly known to Petitioner at the time of her sentencing.

Petitioner claims she did not act sooner because she did not understand what was going on, did not understand she could represent herself, and she has literacy issues. (D.E. 1 at 5, 8 and 11) None of these reasons toll the statute of limitations. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("But, even in the case of an unrepresented prisoner, ignorance

of the law is not a basis for equitable tolling."); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir.) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)), cert. denied, 540 U.S. 971 (2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.) (state prisoner was not entitled to equitable tolling of one-year period of limitation since ignorance of the law, even for a pro se prisoner, does not excuse late filing), cert. denied, 531 U.S. 1194 (2001), citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2000); Baker v. Norris, 321 F.3d 769, 772 (8th Cir.) (ignorance of the law was no excuse for failing to meet the one year period of limitation), cert. denied, 539 U.S. 918 (2003).

Moreover, equitable tolling is not available unless Petitioner pursued her rights diligently and circumstances external to the Petitioner's own conduct prevented timely filing. See Holland v. Florida, 560 U.S. 631, 632 (2010) (equitable tolling available when petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (citation omitted); Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without deciding equitable tolling available, petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") and

Rouse v. Lee, 339 F.3d 238 (4th Cir.) (no equitable tolling for North Carolina petitioner in capital case who filed federal habeas petition one-day late due to miscalculation of time period by counsel). Petitioner who has done nothing since January 2006 has not met this standard for equitable tolling, cert. denied, 541 U.S. 905 (2003).

In sum, Petitioner can provide no argument for why her noncompliance with the applicable statute of limitations ought to be excused, such that the instant Petition is barred by the one-year period of limitation

Merits of Petitioner's Claims. As set forth above, Petitioner's habeas petition should be summarily dismissed on statute of limitation grounds, and it is, therefore, unnecessary at this time to fully address the merits of Petitioner's claims. Indeed, to require a full answer and response on the merits of a federal habeas petition so clearly out-of-time would altogether circumvent 28 U.S.C. § 2244(d)(1). Pursuant to FED. R. CIV. P. 10(c) Respondent adopts by reference paragraphs 2 and 3 of his Initial Answer filed contemporaneously herewith.

CONCLUSION

Petitioner's PWHC was not filed within the applicable one year limitations period and is untimely. Petitioner provides no reason why an alternate limitation period ought be applied, nor can she. Petitioner can provide no argument for why her noncompliance ought to be excused. For these reasons, this Court should

-11-

dismiss the PWHC with prejudice as barred by the applicable statute of limitations.

Respectfully submitted this the 23rd day of September 2014.

> ROY COOPER
> Attorney General
>
> /s/ Peter A. Regulski
> Peter A. Regulski
> Assistant Attorney General
> Attorney for Respondent
> N.C. Department of Justice
> P.O. Box 629
> Raleigh, North Carolina 27602-0629
> Tel.   (919) 716-6500
> Fax:   (919) 716-6761
> E-mail:   pregulski@ncdoj.gov
> State Bar No. 35006
> LR 83.1

CERTIFICATE OF SERVICE

I hereby certify that on 23 September 2014 I electronically filed the foregoing, MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, with the Clerk of the Court using the CM/ECF system, and on said date I dispatched by first class mail, postage prepaid, said filing to the following non-CM/ECF participant:

Agnes M. Chevallier
(DOC No. 0075018)
Southern Correctional Institution
272 Glen Road
Troy, North Carolina 27371

/s/ Peter A. Regulski
Peter A. Regulski
Assistant Attorney General
Attorney for Defendants
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602-0629
Tel. (919) 716-6500
Fax: (919) 716-6761
E-mail: pregulski@ncdoj.gov
State Bar No. 35006
LR 83.1