IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2266-D

| | | |
|---|---|---|
| AGNES M. CHEVALLIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

On December 20, 2013, Agnes M. Chevallier ("Chevallier"), then a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. [D.E. 1].[1] On August 26, 2014, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed the petition to proceed [D.E. 5]. On September 23, 2014, respondent answered the petition [D.E. 8] and moved to dismiss the petition as time-barred [D.E. 9]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Chevallier about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 11]. Chevallier has not filed any response in opposition, and the time within which to do so has expired. As explained, the court grants respondent's motion to dismiss.

I.

Chevallier's petition challenges her January 31, 2006 guilty plea and conviction in Sampson

---

[1] On January 17, 2015, Chevallier was released from incarceration. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0075018&searchOffenderId=0075018&listurl=pagelistoffendersearchresults&listpage=1 (last visited Apr. 22, 2015).

County Superior Court of involuntary manslaughter. See Pet. 1–2; Resp't's Ex. F [D.E. 10-7] (plea transcript). The court sentenced Chevallier pursuant to a plea agreement to a term of imprisonment of 20 to 24 months, consecutive to her other sentences. Resp't's Ex. G [D.E. 10-8] (judgment and commitment).[2] Chevallier did not appeal or file any state court postconviction motion. Pet. 2–3; see Mem. Supp. Mot. Summ. J. [D.E. 10] 5.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss filed in a section 2254 proceeding "tests the legal sufficiency of the petition, requiring the federal habeas court to

---

[2] On January 5, 2006, in Sampson County Superior Court, a jury convicted Chevallier of one count of felony breaking and entering and one count of felony larceny, and Chevallier pleaded guilty to having obtained habitual felon status. See Resp't's Ex. C [D.E. 10-4]; Pet. 2. On January 9, 2006, in Sampson County District Court, Chevallier pleaded guilty to misdemeanor charges of communicating threats, disorderly conduct, resisting an officer, and second-degree trespass. See Resp't's Ex. E [D.E. 10-6].

2

assume all facts pleaded by the [section] 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quotation omitted); Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). As part of a Rule 12(b)(6) motion, a court also may consider a challenge based on the one-year statute of limitations. In ruling on a motion to dismiss, the court may consider the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Walker, 589 F.3d at 139.

Respondent argues that the petition is untimely. Mem. Supp. Mot. Summ. J. [D.E. 10] 6–11. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a person in custody pursuant to the judgment of a state court file any application for a writ of habeas corpus within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560–61 (4th Cir. 1999). An application for postconviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. See Taylor, 186 F.3d at 560–61.

3

However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for postconviction relief will count against the one-year limitation period. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Thus, only the "pending period" is tolled. Once the state's highest court orders a final disposition in the state postconviction proceedings, the prior limitations period resumes. See, e.g., Holland, 560 U.S. at 635, 638; Hernandez, 225 F.3d at 438–39; Harris, 209 F.3d at 327.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because Chevallier did not file any direct appeal, her conviction became final no later than February 14, 2006, when the fourteen-day time period to serve notice of appeal expired. See N.C. R. App. P. 4(a)(2) (providing that notice of appeal may be filed within fourteen days of judgment); Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). The statutory period began to run on that date, and ran for 365 days until it expired. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Accordingly, absent equitable tolling, Chevallier's December 20, 2013 petition is untimely.

AEDPA's one-year statute of limitations is subject to equitable tolling. Holland, 560 U.S. at 645–49. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc); Jackson v. Kelly, 650 F.3d

4

477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Chevallier has not demonstrated diligent pursuit of her rights or any extraordinary circumstance that prevented her from timely filing her petition. See Whiteside, 775 F.3d at 186. Unfamiliarity with the legal process, lack of representation, and even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam). To the extent Chevallier relies on her mental capacity as a basis for tolling, Pet. 5, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." Ata v. Scutt, 662 F.3d 736, 741–42 (6th Cir. 2011) (collecting cases); see, e.g., Sosa, 364 F.3d at 513; Robison v. Hinkle, 610 F. Supp. 2d 533, 539–40 (E.D. Va. 2009). Chevallier has not plausibly alleged any such causal link. Accordingly, Chevallier's December 20, 2013 petition is dismissed as time-barred.

Alternatively, the court dismisses the petition for Chevallier's failure to exhaust her state-court remedies. Section 2254's exhaustion provision requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing her conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a motion for appropriate relief ("MAR") and petitioning the North

5

Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422. Chevallier did not file any direct appeal or MAR. Pet. 2–5. Thus, she failed to meet section 2254's exhaustion requirement. See 28 U.S.C. § 2254(b)(1).

II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 9], and DISMISSES Chevallier's application for a writ of habeas corpus as time-barred, or in the alternative as unexhausted [D.E. 1]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 23 day of April 2015.

JAMES C. DEVER III
Chief United States District Judge